IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Ronald Evans, | ) | C.A. No. 6:24-cv-04278-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| James A. Blair, III; WCM Global Wealth, | ) | |
| LLC; WCM Global Opportunity Fund, LP, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Defendants WCM Global Wealth, LLC, and WCM Global Opportunity Fund, LP's ("the WCM Defendants") motion to dismiss and Defendant James A. Blair, III's ("Defendant Blair") motion to dismiss. ECF Nos. 7, 11. The motions have been fully briefed. ECF Nos. 15, 16, 17. Because these motions are premised on jurisdiction, the Court dispenses with a recitation of the relevant facts.

## APPLICABLE LAW

### *Motion to Dismiss Standard*

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be raised at any time by a party or the court. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). "When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In deciding the motion, "the district court may

regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Mowery v. Nat'l Geospatial-Intelligence Agency*, 42 F.4th 428, 433 (4th Cir. 2022) (quoting *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004)). "[W]hen the jurisdictional facts are inextricably intertwined with those central to the merits, the court should resolve the relevant factual disputes only after appropriate discovery, unless the jurisdictional allegations are clearly immaterial or wholly unsubstantial and frivolous." *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009).

Motions brought pursuant to Federal Rule of Civil Procedure 12(h)(3) are subject to the same standards as motions to dismiss for want of subject matter jurisdiction brought pursuant to Rule 12(b)(1). *See Berkshire Fashions, Inc. v. M.V. Hakusan II,* 954 F.2d 874, 880 n. 3 (3d Cir.1992) (motions under 12(b)(1) and 12(h)(3) are governed by identical standards except that the latter may be asserted at any time and need not be responsive to a pleading); *Brotman v. United States,* 111 F.Supp.2d 418, 420 n. 1 (S.D.N.Y. 2000).

## <u>ANALYSIS</u>

The sole basis for the Court's jurisdiction over this action is diversity of citizenship. *See* ECF No. 1 ¶ 17. The WCM Defendants[1] and Defendant Blair contend that Plaintiff's

---

[1] The Court notes that the docket text for the WCM Defendant's motion states that it is brought pursuant to "12(b)(1), 12(b)(6), and 12(h)(3)" and that the opening sentence of the motion states that it is brought "pursuant to Rules 12(b)(1), 12(b)(6), and 12(h)(3) of the Federal Rules of Civil Procedure . . . ." ECF No. 7. However, the only other mention of Rule 12(b)(6) is in the legal standard section where the WCM Defendants provide the following quotation: "When a defendant makes a facial challenge to subject matter jurisdiction, the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.* at 3 (citation omitted). Accordingly, the Court does not construe this motion as brought pursuant to Rule 12(b)(6).

complaint is subject to dismissal because he failed to properly allege the citizenship of the WCM Defendants.[2]  In the complaint, Plaintiff states that "WCM Global Opportunity is a Delaware limited partnership whose principal place of business is in Greenville County, South Carolina" and that "WCM Global Wealth, LLC is a Delaware limited liability company whose principal place of business is in Greenville County, South Carolina."  ECF No. 1 ¶¶ 11–12.  He does not allege any further facts as to the citizenship of these parties.[3]

In his responses to the motions, Plaintiff maintains that he has fulfilled the necessary requirements and has sufficiently alleged that this Court has jurisdiction over this action.  Further, he argues that the WCM Defendants have provided the necessary information regarding the citizenship of their members in their responses to Local Civil Rule 26.01 (D.S.C.) interrogatories and there is diversity of citizenship.  These arguments misstate Plaintiff's responsibilities at the pleading stage.

_____

[2] In his response to Defendant's Blair's motion to dismiss, Plaintiff states that Defendant Blair has not challenged jurisdiction with respect to the citizenship of the WCM Defendants.  ECF No. 16 at 1 n.3.  However, in his motion, Defendant Blair states that he "incorporates by reference any additional grounds, or additional arguments for this ground, to dismiss any or all of Plaintiff's claims that are submitted by any other defendant in this civil action."  ECF No. 11 at 1 n.,1.  While the Court generally prefers that all movants make their own arguments, given the brevity of the briefing at hand, the Court will allow Defendant Blair to join in the argument made the WCM Defendants.  Moreover, the Court can *sua sponte* consider the issue of subject matter jurisdiction.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

[3] The WCM Defendants and Defendant Blair also contend that Plaintiff failed to allege the citizenship of the John Doe Defendants.  The Court agrees that Plaintiff insufficiently pled citizenship for purposes of diversity jurisdiction with respect to the John Doe Defendants.  However, between the filing of the motions to dismiss and the filing of the responses to the motions, Plaintiff voluntarily dismissed the John Doe Defendants.  ECF No. 13.  Accordingly, this matter is now moot.

"The burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assoc., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010). Thus, here, Plaintiff "bears the burden of proof, by a preponderance of the evidence, to show the parties' citizenship to be diverse." *Zoroastrian Ctr. & Darb-E-Mehr of Metro. Washington, D.C. v. Rustam Guiv Found. of New York*, 822 F.3d 739, 748 (4th Cir. 2016). As Plaintiff has failed to allege the citizenship of the WCM Defendants, he has failed to properly allege that this Court has jurisdiction over his claims. *See, e.g., VA C 12266 Jefferson. LLC v. Mattress Warehouse Inc.*, No. 4:14-cv-34, 2014 WL 5311453, at *3 (E.D. Va. Oct. 16, 2014) ("Therefore, [t]o sufficiently allege the citizenships of [an LLC], a party must list the citizenships of all the members of the limited liability company." (alteration in original)); *Mott v. Accenture, LLP*, No. CV PX-17-0231, 2017 WL 3267611, at *2 (D. Md. July 31, 2017) ("But rather than being determined merely by 'domiciliary,' the citizenship of limited liability partnerships is governed by the citizenship of the LLP's members."). The fact that Plaintiff happened to be correct regarding citizenship does not excuse him from his pleading requirements. While Plaintiff's pleading was deficient, the undersigned is of the opinion that amendment rather than dismissal is the appropriate course of action in this case.[4]

---

[4] In response to Defendant Blair's motion to dismiss, Plaintiff requests that he be awarded "costs, including reasonable attorneys' fees, in connection with this opposition . . . ." ECF No. 16 at 4. As discussed above, Defendant Blair's position that Plaintiff failed to properly allege jurisdiction was reasonable. Accordingly, this request is denied.

## **CONCLUSION**

For the reason set forth above, the motions to dismiss [7, 11] are denied.[5] Nevertheless, Plaintiff is directed to file an amended complaint properly alleging the citizenship of the parties within 14 days.[6]


IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 3, 2025
Spartanburg, South Carolina

---

[5] The Court notes that, in the reply to their motion, the WCM Defendants request that the Court "dismiss Plaintiff's Complaint. In the alternative, the Court should direct Plaintiff to amend his Complaint to properly plead the bases for subject matter jurisdiction." ECF No. 17 at 3. To the extent it is necessary to specify, the Court grants the alternative relief requested.

[6] The Court briefly notes that Defendant Blair may be attempting to bring his motion to dismiss pursuant to Federal Rule of Civil Procure 12(b)(6) in addition to the arguments discussed above. The motion is labeled as "Defendant James A. Blair, III's motion to dismiss for lack of diversity subject matter jurisdiction and supporting memorandum." ECF No. 11. In the opening section of the motion, he states that "Plaintiff then brings claims sounding in fraud against 'Defendant' generally, in violation of Fed. R. Civ. P. Rule 9(b)'s particularity requirements. Blair was recently dismissed from a similar state court action." *Id.* at 2. He then notes, in a footnote at the conclusion of the motion, that he should be dismissed from this action under "SCRCP 12(b)(6) as well." *Id.* at 6 n.4. He cites to no meaningful law in support of this position and does not include Rule 12(b)(6) in the applicable law or any other section of the motion. Accordingly, the Court declines to construe this motion as also raising arguments under Rule 12(b)(6). Once Plaintiff has filed the amended complaint, Defendant Blair may raise these arguments in a properly considered and supported motion to dismiss pursuant to Rule 12(b)(6).