IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Ronald Evans, | C.A. No. 6:24-cv-04278-DCC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| James A. Blair, III; WCM Global Wealth, LLC; WCM Global Opportunity Fund, LP, | |
| Defendants. | |

This matter is before the Court on Defendants WCM Global Wealth, LLC, and WCM Global Opportunity Fund, LP's ("the WCM Defendants") motion to dismiss and Defendant James A. Blair, III's ("Defendant Blair") motion to dismiss. ECF Nos. 41, 42. The motions have been fully briefed. ECF Nos. 45, 47, 48. Because these motions will be dispensed with on the basis of jurisdiction, the Court declines to begin with a recitation of the relevant facts.

## APPLICABLE LAW

*Motion to Dismiss Standard*

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be raised at any time by a party or the court. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). "When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff." *Richmond, Fredericksburg & Potomac R. Co. v. United*

1

*States*, 945 F.2d 765, 768 (4th Cir. 1991).  In deciding the motion, "the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  *Mowery v. Nat'l Geospatial-Intelligence Agency*, 42 F.4th 428, 433 (4th Cir. 2022) (quoting *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004)).  "[W]hen the jurisdictional facts are inextricably intertwined with those central to the merits, the court should resolve the relevant factual disputes only after appropriate discovery, unless the jurisdictional allegations are clearly immaterial or wholly unsubstantial and frivolous."  *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009).

Motions brought pursuant to Federal Rule of Civil Procedure 12(h)(3) are subject to the same standards as motions to dismiss for want of subject matter jurisdiction brought pursuant to Rule 12(b)(1). *See Berkshire Fashions, Inc. v. M.V. Hakusan II,* 954 F.2d 874, 880 n. 3 (3d Cir.1992) (motions under 12(b)(1) and 12(h)(3) are governed by identical standards except that the latter may be asserted at any time and need not be responsive to a pleading); *Brotman v. United States,* 111 F.Supp.2d 418, 420 n. 1 (S.D.N.Y. 2000).

## **ANALYSIS**

The sole basis for the Court's jurisdiction over this action is diversity of citizenship. *See* ECF No. 27 ¶¶ 13–15.  The WCM Defendants contend that Plaintiff's complaint is subject to dismissal because he failed to properly allege the citizenship of the WCM Defendants.[1]  In the second amended complaint, Plaintiff states that "Evans is a citizen

---

[1] The Court notes that Defendant Blair has not raised the issue of jurisdiction in his motion to dismiss; however, the lawsuit cannot stand if the Court lacks jurisdiction. Further, the Court can *sua sponte* consider the issue of subject matter jurisdiction.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

of the State of Florida and that based on information provided by Defendants none of the Defendants are citizens of the State of Florida." *Id.* ¶ 15.  He does not allege any further facts as to the citizenship of these parties.

In his responses to the motions, Plaintiff asserts that the necessary information is within the exclusive possession of the WCM Defendants and is not available to him.  He contends that any failure to properly allege citizenship is due to the WCM Defendants' deficient disclosures.  Plaintiff seems to assert that he has sufficiently pled the citizenship of the parties.  Plaintiff also states that if the Court is dissatisfied with his pleadings, "the proper remedy would be an order requiring the WCM Defendants to reveal that information through jurisdictional discovery, *not* dismissal of the Second Amended Complaint."  ECF No. 45 at 3.  These arguments misstate both Plaintiff's responsibilities at the pleading stage and the Court's role in litigation.

"The burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assoc., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010).  Thus, here, Plaintiff "bears the burden of proof, by a preponderance of the evidence, to show the parties' citizenship to be diverse." *Zoroastrian Ctr. & Darb-E-Mehr of Metro. Washington, D.C. v. Rustam Guiv Found. of New York*, 822 F.3d 739, 748 (4th Cir. 2016). *See also Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) ("The plaintiff bears the burden of persuasion if subject matter jurisdiction is challenged under Rule 12(b)(1)."); *Chalpin Realty SC LLC v. Jersam Realty Inc.*, No. 24-1971, 2025 WL 3654605, at *2 (4th Cir. Dec. 17, 2025) ("We take this occasion to further underscore the importance of ensuring that complete diversity exists at the inception of litigation.").  As Plaintiff has failed to allege the citizenship of the WCM Defendants, he has failed to properly allege

that this Court has jurisdiction over his claims.  *See, e.g., VA C 12266 Jefferson. LLC v. Mattress Warehouse Inc.*, No. 4:14-cv-34, 2014 WL 5311453, at *3 (E.D. Va. Oct. 16, 2014) ("Therefore, [t]o sufficiently allege the citizenships of [an LLC], a party must list the citizenships of all the members of the limited liability company." (alteration in original)); *Mott v. Accenture, LLP*, No. CV PX-17-0231, 2017 WL 3267611, at *2 (D. Md. July 31, 2017) ("But rather than being determined merely by 'domiciliary,' the citizenship of limited liability partnerships is governed by the citizenship of the LLP's members.").  Plaintiff suggests that the Court take over his responsibilities and require the WCM Defendants to produce the necessary information in order to satisfy itself that the undersigned has jurisdiction over this controversy.  The Court declines to prosecute this case on Plaintiff's behalf.  In the event that Plaintiff believes that the WCM Defendants have information necessary to establish jurisdiction, there are mechanisms for him to request that information.  Under these circumstances, the Court will grant Plaintiff the opportunity to amend his complaint.  Failure to properly allege jurisdiction again will result in dismissal upon appropriate motion by Defendants.

## **CONCLUSION**

For the reason set forth above, the WCM Defendants' motion to dismiss [42] is denied.  Plaintiff is directed to file a third amended complaint within 30 days.  Defendant Blair's motion to dismiss [41] is found as moot because the second amended complaint fails to establish jurisdiction.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

February 12, 2026
Spartanburg, South Carolina